THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LI "DAVID" YI, individually and derivatively in his capacity as a member of WU LIAO, LLC, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>CALEB WANG and JENNIFER LIAO, <br><br>　　　　　Defendants, <br><br>WU LIAO, LLC, <br><br>　　　　　Nominal Defendant. | Case No.: 2:23-cv-00941-RSM <br><br>**MOTION TO STAY DISCOVERY PENDING DECISION ON MOTIONS TO DISMISS** <br><br>NOTE ON MOTION CALENDAR: <br>August 4, 2023 |

## INTRODUCTION

Defendants Caleb Wang and Jennifer Liao and Nominal Defendant Wu Liao, LLC will be filing motions to dismiss in this action, which will address threshold jurisdictional and standing issues, on or before August 25, 2023. The motions to dismiss will be fully briefed no later than September 22, 2023. There is no reason for discovery to proceed in this case until the Court resolves the forthcoming motions to dismiss and determines, among other things, whether the Court has subject matter jurisdiction. No discovery is needed for the Court to rule on the motions to dismiss, which rest on purely legal questions, such as whether Plaintiff Li "David" Yi ("Plaintiff") has met the diversity requirement necessary for this Court's subject matter jurisdiction. The ruling on the motions to dismiss will inform whether this Court has jurisdiction and may dispose of the case in its entirety. As detailed below, the parties will suffer no prejudice from this brief stay of discovery while the Court evaluates these threshold issues. Accordingly, it is in the interest of judicial economy and will conserve party resources to delay discovery until after the Court rules on the motions to dismiss and determines whether it has jurisdiction over this action.

## BACKGROUND

On June 23, 2023, Plaintiff filed this lawsuit against Caleb Wang and Jennifer Liao (collectively, "Defendants"). Because Plaintiff purports to assert derivative claims on behalf of Wu Liao, LLC ("Wu Liao"), Wu Liao is named as a Nominal Defendant. The Complaint alleges that Plaintiff (a Chinese citizen) and Defendants (residents of Washington) are, along with other unspecified individuals, members of Wu Liao, "a limited liability corporation formed under the laws of the State of Washington." ECF No. 1 ("Compl.") ¶¶ 7-10, 25-26. The Complaint alleges that Wu Liao was formed to operate and still operates XCJ, a brick-and-mortar restaurant in Washington. *Id.* ¶¶ 1, 60. The crux of the Complaint is that the transfer of certain assets from Wu Liao to another entity, which was approved by every other member of Wu Liao, was improper because Plaintiff did not also approve the transfer. *Id.* ¶¶ 2, 4, 54, 69. The Complaint purports to assert "derivative" claims (putatively on behalf of Wu Liao) for breach of contract (Count II), breach of fiduciary duty (Count IV), breach of the implied covenant of good faith and fair dealing

(Count VI), conversion (Count VIII), unjust enrichment (Count IX).  *See id.* ¶¶ 77-83, 92-99, 107-112, 119-132.  The Complaint also asserts nearly identical claims as "direct" claims against Ms. Liao and Mr. Wang for breach of contract (Count I), breach of fiduciary duty (Count III), breach of the implied covenant of good faith and fair dealing (Count V), and minority shareholder oppression (Count VII).  *Id.* ¶¶ 70-76, 84-91, 100-106, 113-118.

On July 7, 2023, the Court entered an Order setting the deadlines for the Rule 26(f) Conference on August 4, 2023, the Initial Disclosures on August 11, 2023, and the Combined Joint Status Report and Discovery Plan on August 18, 2023.  ECF. No. 7.

At Plaintiff's request, Defendants and Wu Liao agreed to waive service, which extended their time to respond to the Complaint to August 25, 2023.  *See* ECF Nos. 8-10; Fed. R. Civ. P. 4(d)(3).  As early as July 17, 2023, Defendants and Wu Liao informed Plaintiff that they intend to move to dismiss the Complaint.  *See* Declaration of Y. Monica Chan ("Chan Decl."), Ex. 1 at 5.  On July 20, 2023, Defendants' and Wu Liao's counsel further stated that "[m]ost, if not all, of Plaintiff's claims suffer from threshold defects" and asked whether "Plaintiff will agree to stay discovery and the initial case management deadlines pending the Court's motion to dismiss decision."  *Id.* at 3.  On the next day, Plaintiff's counsel responded that "we do not agree to stay discovery or kick out any conference deadlines."  *Id.*  On July 24, 2023, counsel for Defendants and Wu Liao noted that a discovery stay "has the benefit of conserving judicial and party resources" and requested that the parties "meet and confer in good faith to see if we can reach agreement."  *Id.* at 2.

On July 25, 2023, the parties met and conferred to discuss Defendants' and Wu Liao's request for a discovery stay and the briefing schedule for the motions to dismiss.  *Id.* at 1-2.  Counsel for Defendants and Wu Liao explained that the forthcoming motions will seek to dismiss the Complaint in its entirety, including for lack of subject matter jurisdiction, which could result in the Court "not having jurisdiction and/or significantly narrow the issues."  *Id.* at 1.  Counsel for Defendants and Wu Liao also noted that the parties could discuss ESI protocols and preservation in the meantime and noted that the motions to dismiss would be fully briefed by September 22, 2023 at the latest.  *Id.*  During the call and in the parties' correspondence, Plaintiff identified no

prejudice from a temporary stay of discovery. Chan Decl. ¶ 2. The parties agreed to further consider the issue. On July 26, 2023, Plaintiff's counsel stated that "[w]e are not going to agree to any stay of discovery, and we will oppose the motion" to stay. *Id.*, Ex. 1 at 1.

## ARGUMENT

The Court has wide discretion to stay discovery upon a showing of good cause, including to promote efficiency. Fed. R. Civ. P. 26(c)(1)(A). As the Manual for Complex Litigation recognizes, the "Federal Rules and the court's inherent power provide the court with broad authority" over discovery matters in complex litigation. *Manual for Complex Litigation* § 11.422 (4th ed. 2004). In exercising its "broad discretionary powers to control discovery," a "court may relieve a party of the burdens of discovery while a dispositive motion is pending." *Valen v. Donatacci*, No. C11-5058 RBL/KLS, 2011 WL 3155240, at *1 (W.D. Wash. July 25, 2011) (granting motion to stay discovery and collecting cases).

Courts in this District routinely stay discovery pending decisions on Rule 12 motions. The Ninth Circuit has explained that "[t]he purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Nissen v. Lindquist*, No. 16-5093, 2016 WL 2866303, at *1 (W.D. Wash. May 17, 2016) (granting motion to stay discovery pending ruling on a motion to dismiss) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). Thus, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.* Following that guidance, Washington courts often stay discovery while the defendant tests the sufficiency of the plaintiff's pleading because it will "facilitate the orderly and efficient progress" of the lawsuit. *See, e.g.*, *Lloyd v. Fitzwater*, No. C17-5627-BHS-TLF, 2020 WL 1890591, at *1 (W.D. Wash. Apr. 15, 2020) (staying discovery pending defendants' second motion to dismiss after previously staying discovery on first motion to dismiss); *accord Magassa v. Wolf*, No. 2:19-cv-02036-RSM, 2020 WL 2307477, at *1 (W.D. Wash. May 8, 2020) (holding "that a brief stay of discovery is warranted and in the interests of judicial economy" pending motion to dismiss) (Martinez, J.). A stay may be especially "appropriate where issues of jurisdiction or immunity are raised in the dispositive motion."

*Blackstone Int'l v. E2 Ltd.*, No. C20-1686-RSM, 2022 WL 522950, at *1 (W.D. Wash. Feb. 22, 2022) (granting motion to stay discovery pending resolution of defendants' motions to dismiss for lack of personal jurisdiction) (Martinez, J.); *Silbaugh v. Chao*, No. C17-1759RSM, 2018 WL 2317555, at *1-2 (W.D. Wash. May 22, 2018) (granting motion to stay discovery until the Court rules on the motion to dismiss for lack of subject matter jurisdiction) (Martinez, J.).

The forthcoming motions to dismiss "raise[] both procedural and substantive challenges to all of [P]laintiff's claims" and will dispose of all, if not most, of Plaintiff's claims. *Petitt v. Altman*, No. C21-1366RSL, 2022 WL 670921, at *1 (W.D. Wash. Mar. 7, 2022) (staying discovery, including the exchange of initial disclosures, until the resolution of the motion to dismiss). The motions to dismiss will address the following threshold issues, among others:

- Whether this court lacks jurisdiction under Rule 12(b)(1) because the presence of Wu Liao blocks the complete diversity requirement, as "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016); *see also* Compl. ¶17.

- Whether Plaintiff lacks standing to assert any putative derivative claims because he has not adequately pled demand futility or that any demand was improperly refused.

- Whether Plaintiff lacks standing to assert any "direct" claims against Defendants because the Complaint actually seeks redress for injuries allegedly inflicted on Wu Liao, and not on Mr. Yi individually. *See, e.g.,* Compl. ¶ 75.

- Whether Plaintiff's Complaint fails to state any claim upon which relief can be granted, such as because "minority shareholder oppression" is not a cognizable claim under Washington law in the LLC context.

Because the forthcoming motions to dismiss are "potentially dispositive of the action," will rest on purely legal questions, and "can be decided without further discovery," there is good cause to stay discovery. *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *2 (W.D. Wash. July 9, 2020). A discovery stay is particularly appropriate here because the

"threshold question of subject matter jurisdiction [] **should be answered before** proceeding with discovery." *Silbaugh*, 2018 WL 2317555, at *1 (emphasis added).

In deciding whether to issue a stay of discovery, a court also considers factors including "'the risk of unfair prejudice to the party opposing the stay' and the conservation of the court's resources." *Ahern Rentals*, 2020 WL 8678084, at *1 (internal quotation and citation omitted). Both factors weigh strongly in favor of a stay. First, after waiting almost a year and a half to bring this suit, *see* Compl. ¶ 66, Plaintiff cannot show any prejudice from a temporary discovery stay pending the Court's ruling on the motions to dismiss, especially "given the early stage of this case." *Magassa*, 2020 WL 2307477, at *1. Moving forward with discovery before determining whether the court has jurisdiction will waste the resources of all parties. *See Silbaugh*, 2018 WL 2317555, at *1 (staying discovery to "save both parties time and money" given the "threshold question of subject matter jurisdiction"). Second, a stay is also appropriate to "preserve[] judicial resources because the Court will not be required to address potential motions related to discovery issues that may become moot. Even if the motion[s] to dismiss do[] not resolve the matter entirely, it could narrow the issues and obviate the need for certain discovery." *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2010 WL 11682231, at *2 (W.D. Wash. Dec. 16, 2010).

The Supreme Court in *Twombly* noted the importance of preventing a plaintiff with "a largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (internal quotation and citation omitted). Allowing Plaintiff to proceed with discovery under these circumstances would undermine that important safeguard.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery until the Court has ruled on Defendants' and Wu Liao's motions to dismiss.

Dated: July 27, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423

Y. Monica Chan, WSBA No. 58900
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com
mchan@fenwick.com

Catherine Kevane (*pro hac vice pending*)
Justin Stacy (*pro hac vice pending*)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: ckevane@fenwick.com
jstacy@fenwick.com

*Attorneys for Defendants Caleb Wang and Jennifer Liao and Nominal Defendant Wu Liao LLC*

## LCR 7(E) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 1,903 words.

Dated: July 27, 2023

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423